**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA FRYLING,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **7-ELEVEN, INC.,** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Melissa Fryling (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against 7-Eleven, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant 7-Eleven, Inc. is a convenience store chain with a location at 1100 S 10th Street, Philadelphia, PA 19147 and corporate headquarters at 3200 Hackberry Road, Irving, TX 75063.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), signed on January 7, 2026, alleging sexual harassment, quid pro quo sexual harassment and retaliation against Defendant.

14. The Charge was assigned Charge Number 530-2026-02594 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated March 31, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

3

20. Plaintiff is female.

21. On or about January 22, 2025, Defendant hired Plaintiff in the position of Store Associate.

22. Plaintiff was well qualified for her position and performed well.

### THE STORE MANAGER SUPERVISED PLAINTIFF

23. During her tenure, Ameen Roy, Store Manager, supervised Plaintiff.

24. Roy exercised authority over Plaintiff's schedule, job assignments, and continued employment.

### ROY SEXUALLY HARASSED PLAINTIFF

25. From the start of her employment, Roy was flirtatious, inappropriate, and unprofessional, creating discomfort and unwanted attention for Plaintiff.

26. Plaintiff clearly communicated through her words, demeanor, and lack of reciprocal behavior, that she was not interested in any romantic or sexual engagement with Roy.

27. Despite continuously expressing her objection to Roy's sexually harassing conduct, the hostile work environment persisted.

### ROY BEGAN TO SEND PLAINTIFF SEXUALLY EXPLICIT TEXT MESSAGES

28. In fact, in or around April or May 2025, Roy's sexual harassment escalated.

29. During this time, Roy began sending Plaintiff sexually explicit text messages.

30. These messages included graphic statements such as how he wanted to "put his dick in her mouth", pull her hair, and perform other unwanted sexual acts.

31. Plaintiff did not invite, encourage, or welcome these messages, and she found them deeply disturbing and offensive.

32. Despite her clear disinterest, Roy continued to send Plaintiff sexually explicit messages.

33. He repeatedly wrote that he "didn't want to make her uncomfortable," even as he continued to make sexual comments, pressure her, and exploit his position of authority over her.

34. This contradictory behavior is evidence that he knew his conduct was unwelcome but persisted anyway.

## ROY'S SEXUAL HARASSMENT ESCALATED TO UNWANTED PHYSICAL TOUCHING

35. Eventually, Roy's sexual harassment progressed into unwanted physical conduct.

36. On multiple occasions, Roy attempted to hug Plaintiff, and he grabbed her thighs and buttocks without consent.

37. Roy's physical contact was sexual in nature, unwelcome, and intimidating.

## ROY FREQUENTLY ASKED PLAINTIFF TO HAVE SEX IN THE OFFICE

38. Further, Roy also frequently asked Plaintiff to have sex with him in the office, leveraging his authority as her supervisor and control over her employment.

39. His persistence created an environment of extreme fear, humiliation, and power imbalance.

## PLAINTIFF WAS UNABLE TO REPORT ROY'S CONDUCT AS DEFENDANT HAD NOT PROVIDED HER WITH ANY TRAININGS, PROCEDURE OR POLICIES

40. Defendant failed to provide any sexual harassment training, complaint procedure, or anti-harassment policy.

41. She was unaware of any reporting channel other than Roy.

42. This lack of policy or training violated well-established Title VII standards and left her defenseless against escalating abuse.

5

## PLAINTIFF INSTRUCTED ROY TO CEASE HIS SEXUAL HARASSMENT

43. In late August 2025, Plaintiff directly instructed Roy to stop sending her sexual text messages and to stop making inappropriate sexual comments.

44. She made it clear that his conduct was unwelcome and needed to cease immediately.

## ROY CONTINUED HIS SEXUAL HARASSMENT OF PLAINTIFF

45. Despite her clear objection, Roy continued to send sexually explicit messages and continued making sexual comments at work, demonstrating his intent to ignore Plaintiff's boundaries and continue the harassment.

46. This behavior constituted a severe and pervasive hostile work environment.

## PLAINTIFF ATTEMPTED TO TRANSFER LOCATIONS, BUT WAS DENIED

47. Seeking safety and escape from Roy, Plaintiff attempted to transfer to a nearby store.

48. However, after the prospective manager spoke to Roy, Plaintiff was not given the job.

49. Upon information and belief, Roy deliberately blocked Plaintiff's transfer in retaliation for rejecting his sexual advances and attempting to remove herself from his control.

## DEFENDANT TERMINATED PLAINTIFF

50. On or about September 21, 2025, Roy falsely accused Plaintiff of being "short" on her register.

51. In response, Plaintiff informed Roy that she was not short.

52. However, Roy responded by removing Plaintiff from the schedule, thereby terminating her employment.

53. The stated reasons for Plaintiff's termination were fabricated and pretextual.

54. The termination occurred only due to Plaintiff's rejection of Roy's unwanted sexual advances and objection to the persistent sexual harassment.

6

55. Moreover, Roy's termination of Plaintiff is *quid pro quo* sexual harassment, as she refused to engage in sexual acts with him which resulted in her termination.

56. Defendant subjected to Plaintiff to sexually hostile work environment, *quid pro quo* sexual harassment and retaliation for her rejection of and objection to the sexual harassment in violation of Title VII, the PHRA and the PFPO.

57. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

59. Taken together, the acts outlined above constitute a hostile work environment based on sex.

   a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

   b. Such discrimination was severe or pervasive.

   c. Such discrimination detrimentally affected Plaintiff.

   d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

60. The unlawful employment practices outlined above were intentional.

61. Plaintiff suffered tangible employment actions as alleged herein.

62. Defendant knew or reasonably should have known of the sexual harassment.

63. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

64. Defendant's acts and/or omissions were willful or performed with reckless disregard to her federal statutory rights.

65. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

67. The foregoing conduct created a sexually hostile work environment for Plaintiff.

68. Plaintiff suffered intentional discrimination because of her sex.

69. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

70. The discrimination detrimentally affected Plaintiff.

71. Plaintiff suffered tangible employment actions as alleged herein.

72. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

73. Defendant knew or reasonably should have known of the sexual harassment.

74. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

75. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

8

## COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PHILADELPHIA FAIR PRACTICES ORDINANCE

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. The foregoing conduct created a sexually hostile work environment for Plaintiff.

78. Plaintiff suffered intentional discrimination because of her sex.

79. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

80. The discrimination detrimentally affected Plaintiff.

81. Plaintiff suffered tangible employment actions as alleged herein.

82. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

83. Defendant knew or reasonably should have known of the sexual harassment.

84. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

85. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – SEXUAL HARASSMENT – *QUID PRO QUO*
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff is a member of a protected class in that she is female.

88. Plaintiff was subject to unwelcome conduct by her supervisor, Mr. Roy.

89. Plaintiff's reaction to Mr. Roy's advances affected tangible aspects of her employment.

9

90. Mr. Roy was an employee of Defendant who had significant authority and decision-making power over Plaintiff, and was involved as a decision-maker in Defendant's termination of Plaintiff's employment.

91. The unlawful employment practices outlined above were intentional.

92. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.

93. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – SEXUAL HARASSMENT – *QUID PRO QUO* PENNSYLVANIA HUMAN RELATIONS ACT

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. Plaintiff is a member of a protected class in that she is female.

96. Plaintiff was subject to unwelcome sexual conduct by her supervisor, Mr. Roy.

97. The conduct was intentional and based upon Plaintiff's gender.

98. Submission to Mr. Roy's conduct was a condition of Plaintiff's employment.

99. Defendant knew or should have known about Mr. Roy's conduct and failed to take any action to prevent or correct Mr. Roy's behavior.

100. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

10

## COUNT VI – SEXUAL HARASSMENT – *QUID PRO QUO*
## PHILADELPHIA FAIR PRACTICES ORDINANCE

101. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

102. Plaintiff is a member of a protected class in that she is female.

103. Plaintiff was subject to unwelcome sexual conduct by her supervisor, Mr. Roy.

104. The conduct was intentional and based upon Plaintiff's gender.

105. Submission to Mr. Roy's conduct was a condition of Plaintiff's employment.

106. Defendant knew or should have known about Mr. Roy's conduct and failed to take any action to prevent or correct Mr. Roy's behavior.

107. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

108. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

109. Plaintiff engaged in activity protected by Title VII.

110. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

111. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

11

## COUNT VIII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

112. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

113. Plaintiff engaged in activity protected by the PHRA.

114. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

115. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

116. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

117. Plaintiff engaged in activity protected by the PFPO.

118. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

119. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Melissa Fryling, requests that the Court grant her the following relief against Defendant:

(a)  Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b)  Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c)  Liquidated damages;

(d)  Reasonable attorneys' fees;

(e)  Recoverable costs;

(f)  Pre and post judgment interest;

(g)  An allowance to compensate for negative tax consequences;

(h)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(i)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: June 29, 2026          By:     */s/David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

14